# EXHIBIT A

WILLIAM S. O'HARE (SBN 82562)
wohare@swlaw.com
DEBORAH MALLGRAVE (SBN 198603)
dmallgrave@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

ROBERT P. PARKER (*pro hac vice pending*)
rparker@rfem.com
DANIEL R. MCCALLUM (*pro hac vice pending*)
dmccallum@rfem.com
NECHAMA POTASNICK (*pro hac vice pending*)
npotasnick@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK P.C.
607 14th Street N.W., Suite 800
Washington, DC 20005
Telephone: (202) 783-6040
Facsimile: (202) 783-6031

Attorneys for Plaintiff Nichia Corporation

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHIA CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>FEIT ELECTRIC COMPANY, INC.<br><br>             Defendant. | Case No. 2:18-CV-1390<br><br>COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nichia Corporation ("Nichia"), by its undersigned counsel, with knowledge as to its own acts and status, and upon information and belief as to the acts and status of others, for its Complaint against defendant Feit Electric Company, Inc. ("Feit"), alleges as follows:

## JURISDICTION AND VENUE

1.     This is a civil action for patent infringement arising under the patent laws, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.     Feit is subject to personal jurisdiction in this judicial district because Feit is incorporated in California, has its principal place of business in California, and regularly conducts business in the State of California and the Central District of California.

3.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Feit (1) resides in this District, and (2) maintains a regular and established place of business in this district and has committed infringing acts in this district.  Further, Feit has admitted that venue is proper in this district.  *See Nichia Corp. v. Feit Electric Co.*, No. 16-cv-1453 (E.D. Tex.) (Dkt. 42 at 7-8) and *Nichia Corp. v. Feit Electric Co.*, 16-cv-1454 (E.D. Tex.) (Dkt. 13 at 2).

4.     Among other things, Feit has purposefully availed itself of the privileges of conducting business in the State of California and in this judicial district; Feit has sought protection and benefit from the laws of the State of California; Feit has solicited business in, transacted business within, and has attempted to derive financial benefit from residents of the State of California and this judicial district; and Nichia's cause of action arises directly from Feit's business contacts and other activities in the State of California and in this judicial district.

5. The accused Feit LED lighting products have been imported into, offered for sale, and sold by or on behalf of Feit in the Central District of California. Feit, directly and/or through its agents and intermediaries, has placed the products at issue in this lawsuit into the stream of commerce throughout the United States through established distribution channels, with the expectation and/or knowledge that they will be offered for sale, sold, and used in the State of California and in this judicial district.

6. Without limiting the foregoing, Feit allows dealers to request quotes for lighting products containing infringing LED devices through its website, www.feit.com/request-quote. Feit's automated distribution centers ship lighting products containing infringing LED devices within twenty-four hours throughout the United States, including in the Central District of California.

7. Feit's LED lighting products containing LED devices are sold in nationwide hardware, home improvement, and home goods stores located in the State of California and throughout this judicial district, including for example, The Home Depot, Lowe's, Target, and Walmart retail stores, Safeway supermarkets, and other outlets.

## **PRELIMINARY STATEMENT**

8. This is an action for patent infringement under the United States patent laws, 35 U.S.C. § 1, *et seq*. The accused products are LED lighting products that are imported into the United States, and/or made, used, sold, and/or offered for sale, in the United States, in the State of California, and in this judicial district, by defendant Feit. The LED devices in the accused lighting products infringe at least claims 1, 2, 4, 7, 11, 12, 15, 16, 17, 19, and 21 of U.S. Patent No. 8,530,250 (the "'250 Patent"), claims 1, 2, 4-8, 10, 12, 13, and 15-20 of U.S. Patent No. 9,490,411 (the "'411 Patent") and claims 1, 2, 4-9, 11, 12, 14-19, 21-23, and 25 of U.S. Patent No. 9,537,071 (the "'071 Patent") (collectively the "Patents-in-Suit"),which are owned for all purposes by Plaintiff Nichia.

4844-6531-7470

Ex. A to Third Party Complaint Against Unity Microelectronics, Inc., Page 13

9. As set forth in detail below, the accused Feit lighting products incorporate LED devices that infringe the Patents-in-Suit. By this lawsuit, Nichia seeks relief for Feit's past and ongoing infringement of Nichia's Patents-in-Suit by virtue of Feit's incorporation of infringing LEDs into its products.

## THE PARTIES

10. Plaintiff Nichia Corporation is a corporation organized and existing under the laws of Japan, with its principal place of business at 491 Oka, Kaminaka-Cho, Anan-Shi, Tokushima, Japan 774-8601.

11. Defendant Feit Electric Company, Inc. ("Feit") is a corporation organized and existing under the laws of the State of California. Feit may be served with process by serving its registered agent, Aaron Feit.

## THE PATENTS-IN-SUIT

12. The '250 Patent, entitled "Light Emitting Device, Resin Package, Resin-Molded Body, and Methods for Manufacturing Light-Emitting Device, Resin Package and Resin-Molded Body," was duly and lawfully issued by the U.S. Patent and Trademark Office on September 10, 2013. A true and correct copy of the '250 Patent is attached as Exhibit A.

13. The '250 Patent lists Hirofumi Ichikawa, Masaki Hayashi, Shimpei Sasaoka, and Tomohide Miki as inventors.

14. Nichia is the owner of the '250 Patent by valid assignment from the inventors. Nichia owns all rights, title, and interest in the '250 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '250 Patent.

15. The '250 Patent was previously the subject of a lawsuit in the Eastern District of Texas, and was found valid and infringed in that case. *Nichia Corp. v. Everlight Elecs. Co., Ltd.*, No. 13-cv-702, 2016 WL 310142 (E.D. Tex. Jan. 25, 2016) (the "Everlight Litigation"). On appeal, the Federal Circuit affirmed the

district court's judgment on, *inter alia*, infringement and validity. *Nichia Corp. v. Everlight Ams., Inc.*, 855 F.3d 1328 (Fed. Cir. 2017).

16.     The '411 Patent, entitled "Light Emitting Device, Resin Package, Resin-Molded Body, and Methods for Manufacturing Light-Emitting Device, Resin Package and Resin-Molded Body," was duly and lawfully issued by the U.S. Patent and Trademark Office on November 8, 2016. A true and correct copy of the '411 Patent is attached as Exhibit B. The '411 Patent is a continuation of Application No. 13/969,182, filed on August 16, 2013, which is a continuation of Application No. 12/737,940, filed as Application No. PCT/JP2009/004170 on August 27, 2009, now the '250 Patent.

17.     The '411 Patent lists Hirofumi Ichikawa, Masaki Hayashi, Shimpei Sasaoka, and Tomohide Miki as inventors.

18.     Nichia is the owner of the '411 Patent by valid assignment from the inventors. Nichia owns all rights, title, and interest in the '411 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '411 Patent.

19.     The '071 Patent, entitled "Light Emitting Device, Resin Package, Resin-Molded Body, and Methods for Manufacturing Light-Emitting Device, Resin Package and Resin-Molded Body," was duly and lawfully issued by the U.S. Patent and Trademark Office on January 3, 2017. A true and correct copy of the '071 Patent is attached as Exhibit C.  The '071 Patent is a continuation of Application No. 13/969,182, filed on August 16, 2013, which is a continuation of Application No. 12/737,940, filed as Application No. PCT/JP2009/004170 on August 27, 2009, now the '250 Patent.

20.     The '071 Patent lists Hirofumi Ichikawa, Masaki Hayashi, Shimpei Sasaoka, and Tomohide Miki as inventors.

21.     Nichia is the owner of the '071 Patent by valid assignment from the inventors. Nichia owns all rights, title, and interest in the '071 Patent, including the

1  right to sue for and recover all past, present, and future damages for infringement of

2  the '071 Patent.

3       22.     The Abstract of the three Patents-in-Suit provides as follows:

4  A method of manufacturing a light emitting device having a resin

5  package which provides an optical reflectivity equal to or more than

   70% at a wavelength between 350 nm and 800 nm after thermal

6  curing, and in which a resin part and a lead are formed in a

   substantially same plane in an outer side surface, includes a step of

7  sandwiching a lead frame provided with a notch part, by means of an

8  upper mold and a lower mold, a step of transfer-molding a

   thermosetting resin containing a light reflecting material in a mold

9  sandwiched by the upper mold and the lower mold to form a resin-

10 molded body in the lead frame and a step of cutting the resin-molded

11 body and the lead frame along the notch part.

12 ## **THE TEXAS LITIGATION**

13

14      23.     Nichia sued Feit for infringement of the '250 Patent in the Eastern

15 District of Texas on June 13, 2016. Complaint, No. 16-cv-616-JRG (Dkt. 1). In a

16 second complaint filed December 27, 2016, Nichia accused Feit of infringing the

17 '411 Patent, No. 16-cv-1454 (Dkt. 1). On February 21, 2017, Nichia amended its

   complaint to add claims of infringement under the '071 Patent. *Id.* at (Dkt. 7).

18      24.     Concurrent with the Feit Texas litigations, Nichia also sued four other

19 defendant groups alleging infringement of the Patents-in-suit: Lowe's Home

20 Centers, LLC, TCL Multimedia Tech. Holdings Ltd., and VIZIO, Inc., and Mary

21 Elle Fashions, Inc. d/b/a Meridian Electric. The district court consolidated the

22 cases against all five defendant groups on May 15, 2017, No. 16-cv-1454 (Dkt. 24),

23 and held a status conference on May 31, 2017 setting the Markman Hearing for

24 January 22, 2018 and jury selection for September 10, 2018. *Id.* (Dkt. Entry

25 5/31/17). On June 15, 2017, the district court entered a Docket Control Order,

26 further setting the deadline for the close of fact discovery at April 23, 2018. *Id.*

27 (Dkt. 68). In the following months, the parties engaged in discovery, exchanged

28

4844-6531-7470

Ex. A to Third Party Complaint Against Unity Microelectronics, Inc., Page 16

1    infringement and invalidity contentions, and fully briefed all claim construction
2    issues.

3        25.     Following the Supreme Court's decision in *TC Heartland LLC v. Kraft*
4    *Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017), Feit and VIZIO, Inc. filed
5    motions to dismiss or, in the alternative, to transfer to the Central District of
6    California on May 31, 2017 and June 14, 2017, respectively.  No. 16-cv-1454
7    (Dkts. 42, 65).  The district court granted those motions on February 2, 2017.  *Id.*
8    (Dkt. 220).

9                       **FEIT'S INFRINGING CONDUCT**

10       26.     Feit imports into the United States, and manufactures, sells, and/or
11   offers for sale in the United States, LED lighting products that incorporate LED
12   devices that, insofar as relevant to the limitations of the asserted claims, have the
13   same features and are manufactured by the same process as the Everlight LED
14   products that were held to infringe the '250 Patent in the Everlight Litigation.  By
15   way of example only, the Feit 800 Lumen 3000K Dimmable LED, item number
16   BPOM60/830/LED ("BPOM60/830/LED Bulb") and the Utilitech Pro 9-Watt G25
17   Warm White LED Light Bulb, item number LG2560/CL/LEDG2
18   ("LG2560/CL/LEDG2 Bulb") contain LED devices that, insofar as relevant to the
19   claim limitations and as is apparent from their structure, have the same features and
20   are manufactured by the same process as claims 1, 2, 4, 7, 11, 12, 15, 16, 17, 19,
21   and 21 of the '250 Patent.

22       27.     The LED devices found in Feit's BPOM60/830/LED Bulb are light
23   emitting devices that include a resin package comprising a resin part and at least
24   one lead.   In addition, the LED devices found in the BPOM60/830/LED Bulb
25   include an outer surface of the resin part and an outer surface of the at least one lead
26   that are planer at an outer surface of the resin package.  The LED devices in the
27   BPOM60/830/LED Bulb also include a plating disposed on an upper surface and a
28   lower surface of the at least one lead, and an outer side surface of the at least one

- 6 -

NICHIA CORP. COMPLAINT
CASE NO. 2:18-CV-1390

4844-6531-7470

1  lead that is unplated. These LED devices include a portion of the resin part

2  disposed over a portion of the plating on the upper surface of the at least one lead.

3  The LED devices in the BPOM60/830/LED Bulb also include the element of claim

4  21 of the '250 patent – *viz.*, at least one of the leads comprises two or more different

5  levels.

6      28.    The process used to make the LED devices in the BPOM60/830/LED

7  Bulb is a method of manufacturing a light emitting device. This method includes

8  the step of providing a lead frame comprising at least one notch and the step of

9  plating the lead frame. The process used to make the LED devices found in the

10  BPOM60/830/LED Bulb further includes the step of, after plating the lead frame,

11  providing an upper mold on a first surface of the plated lead frame and a lower

12  mold on a second surface of the plated lead frame, and transfer-molding a

13  thermosetting resin containing a light reflecting material in a space between the

14  upper mold and the lower mold to form a resin-molded body. The process also

15  includes the step of cutting the resin-molded body and the plated lead frame along

16  the at least one notch to form a resin package, the resin package comprising a resin

17  part and at least one lead, and the cutting step being performed such that an outer

18  surface of the resin part and an outer surface of the at least one lead are planar at an

19  outer side surface of the resin package, wherein the plated lead frame is cut so as to

20  form an unplated outer side surface on the lead. As is apparent from their structure,

21  the process by which the LED devices in the BPOM60/830/LED Bulb are

22  manufactured also includes the step specified in claim 7 of the '250 Patent – *viz.*,

23  providing a light emitting element in a concave portion of the resin package,

24  wherein the transfer-molding step forms a plurality of concave portions

25  corresponding to the convex portions of the upper mold, each of the concave

26  portions comprising an inner bottom surface at which a portion of lead frame is

27  exposed.

28

NICHIA CORP. COMPLAINT
CASE NO. 2:18-CV-1390

29.     The LED devices found in Feit's LG2560/CL/LEDG2 Bulb are light emitting devices that include a resin package comprising a resin part and at least one lead.   In addition, the LED devices found in the LG2560/CL/LEDG2 Bulb include an outer surface of the resin part and an outer surface of the at least one lead that are planer at an outer surface of the resin package.  The LED devices in the LG2560/CL/LEDG2 Bulb also include a plating disposed on an upper surface and a lower surface of the at least one lead, and an outer side surface of the at least one lead that is unplated.  These LED devices include a portion of the resin part disposed over a portion of the plating on the upper surface of the at least one lead. The LED devices in the LG2560/CL/LEDG2 Bulb also include the element of claim 21 of the '250 patent – *viz.,* at least one of the leads comprises two or more different levels.

30.     The process used to make the LED devices in the LG2560/CL/LEDG2 Bulb is a method of manufacturing a light emitting device.  This method includes the step of providing a lead frame comprising at least one notch and the step of plating the lead frame.  The process used to make the LED devices found in the LG2560/CL/LEDG2 Bulb further includes the step of, after plating the lead frame, providing an upper mold on a first surface of the plated lead frame and a lower mold on a second surface of the plated lead frame, and transfer-molding a thermosetting resin containing a light reflecting material in a space between the upper mold and the lower mold to form a resin-molded body.  The process also includes the step of cutting the resin-molded body and the plated lead frame along the at least one notch to form a resin package, the resin package comprising a resin part and at least one lead, and the cutting step being performed such that an outer surface of the resin part and an outer surface of the at least one lead are planar at an outer side surface of the resin package, wherein the plated lead frame is cut so as to form an unplated outer side surface on the lead.  As is apparent from their structure, the process by which the LED devices in the LG2560/CL/LEDG2 Bulb are

4844-6531-7470

Ex. A to Third Party Complaint Against Unity Microelectronics, Inc., Page 19

manufactured also includes the step specified in claim 7 of the '250 Patent – *viz.*, providing a light emitting element in a concave portion of the resin package, wherein the transfer-molding step forms a plurality of concave portions corresponding to the convex portions of the upper mold, each of the concave portions comprising an inner bottom surface at which a portion of lead frame is exposed.

31.     Feit imports into the United States, and manufactures, uses, sells, and/or offers for sale in the United States, LED lighting products that incorporate LED devices that infringe at least claim 1 of the '411 Patent, which reads:

1. A light emitting device comprising:

a resin package comprising a resin part and a metal part including at least two metal plates, said resin package having four outer lateral surfaces and having a concave portion having a bottom surface; and

a light emitting element mounted on the bottom surface of the concave portion and electrically connected to the metal part,

wherein at least a portion of an outer lateral surface of the resin part and at least a portion of an outer lateral surface of the metal part are coplanar at an outer lateral surface of the resin package,

wherein both a part of the metal part and a part of the resin part are disposed in a region below an upper surface of the metal part, on four outer lateral surfaces of the resin package, and

wherein a notch is formed in the metal part at each of the four outer lateral surfaces of the resin package.

32.     The LED devices in Feit LED lighting products – including, for example, the Feit Electric 800 Lumen 3000K Dimmable LED, item number BPOM60/830/LED(V2); 4100K Tube, item number T96/841/LED; Dimmable Warm White LED Bulb, item number LA19DM/GU24/LEDG2(#599127); Dimmable Weatherproof Bulb, item number CEPAR38/930/LED/2(#1041429);

4844-6531-7470

Ex. A to Third Party Complaint Against Unity Microelectronics, Inc., Page 20

1  and 40W Equivalent Soft White Smart LED Bulb, item number

2  CFC/300/LED/HBR – are light emitting devices that include a resin package

3  comprising a resin part and a metal part including at least two metal plates. In

4  addition, in the LED devices found in the Accused LED lighting products, the resin

5  package has four outer lateral surfaces, a concave portion having a bottom surface,

6  and a light emitting element mounted on the bottom surface of the concave portion

7  and electrically connected to the metal part. In these LED devices, at least a portion

8  of an outer lateral surface of the resin part and at least a portion of an outer lateral

9  surface of the metal part are coplanar at an outer lateral surface of the resin

10  package. Moreover, both a part of the metal part and a part of the resin part are

11  disposed in a region below an upper surface of the metal part, on four outer lateral

12  surfaces of the resin package. In addition, in these LED devices, a notch is formed

13  in the metal part at each of the four outer lateral surfaces of the resin package.

14  Further, the LED devices in the Accused LED lighting products also include the

15  additional elements of at least one of claims 2, 4-8, 10, 12, 13, and 15-20 of the

16  '411 patent.

17      33.     Feit imports into the United States, and manufactures, uses, sells,

18  and/or offers for sale in the United States, LED lighting products that incorporate

19  LED devices that infringe at least claim 15 of the '071 Patent, which reads:

20  15. A light emitting device comprising:

22      a resin package comprising a resin part and a metal part including first
        and second metal plates, said resin package having four outer lateral
23      surfaces and having a concave portion having a bottom surface; and

24      a light emitting element mounted on the bottom surface of the concave
25      portion and electrically connected to the metal part,

26      wherein at least a portion of an outer lateral surface of the resin part
27      and at least a portion of an outer lateral surface of the metal part are
        coplanar at each of the four outer lateral surfaces of the resin package,
28

- 10 -

NICHIA CORP. COMPLAINT
CASE NO. 2:18-CV-1390

4844-6531-7470

wherein a notch is formed in the metal part at each of the four outer lateral surfaces of the resin package,

wherein the resin part is located at left and right sides of a portion of the metal part at at least two of the four outer lateral surfaces of the resin package, and

wherein all upper edges of the metal part are coplanar.

34. The LED devices in Feit LED lighting products – including, for example, the Feit Electric 800 Lumen 3000K Dimmable LED, item number BPOM60/830/LED(V2); LED Shop Light, item number 73992; 4100K Tube, item number T96/841/LED; Dimmable Warm White LED Bulb, item number LA19DM/GU24/LEDG2(#599127); Dimmable Weatherproof Bulb, item number CEPAR38/930/LED/2(#1041429); and 40W Equivalent Soft White Smart LED Bulb, item number CFC/300/LED/HBR – are light emitting devices that include a resin package comprising a resin part and a metal part including first and second metal plates. In addition, in the LED devices found in the Feit LED lighting products, the resin package has four outer lateral surfaces, a concave portion having a bottom surface, and a light emitting element mounted on the bottom surface of the concave portion and electrically connected to the metal part. In these LED devices, at least a portion of an outer lateral surface of the resin part and at least a portion of an outer lateral surface of the metal part are coplanar at each of the four outer lateral surfaces of the resin package. Moreover, the resin part is located at left and right sides of a portion of the metal part at at least two of the four outer lateral surfaces of the resin package. In addition, in these LED devices, a notch is formed in the metal part at each of the four outer lateral surfaces of the resin package and all upper edges of the metal part are coplanar. Further, the LED devices in the Accused LED lighting products also include the additional elements of at least one of claims 1, 2, 4-9, 11, 12, 14, 16-19, 21-23, and 25 of the '071 patent.

4844-6531-7470

35.     Feit, directly and/or through intermediaries and agents, imports into the United States, and manufactures, sells, and/or offers for sale in the United States, including in this judicial district, lighting products, such as the BPOM60/830/LED; BPOM60/830/LED(V2); T96/841/LED; LA19DM/GU24/LEDG2 (#0599127); CFC/300/LED/HBR; CEPAR38/930/LED/2(#1041429); 73992/GV; A1600/830/LED; AOM800/827/LED/HBR; BR30/650/LED/HBR; LEDR56/830/HBR; LCFCDM/300/LED/2 (#0596923); LGMDM/CL/500/LED(C) (#0596943); LG2560/CL/LEDG2 (#0596944); CEOM100/830/4; BPBR30/DM/LED/TAR(C1); BPOM60/830/LED(N); BPA15CLDM/500/5K/LED; BPOM40/850/LED(V2); CEA1500/5K/LED/10(N); CEBR30/5K/LED/8(C1); BPEXN/500/5K/LED; BPBR30/DM/LED/TAR; A450/830/LED/TAR; A800/830/LED/2; A450/830/LED/2; BPCFC/DM/160/LED/2; CFC/DM/300/LED; CFC/DM/500/LED; BPG161/2/CL/DM/LED; G25/DM/5K/LEDG2; G25/CL/DM/LEDG2; G25/CL/650/LEDG2; BR30/DM/LEDG2; BPEFC/500/LED/ESM(1001-023-749); BPA15C/CL500/LED/ESM(1001-023-794); BPGM/CL/500/LED/ESM(1001-023-825); LG2060/G2(#0751822); LR14DM/LED(#0477033); LGMDM/CL/200/LED(#0596941); LG161/2DM/CL/500/LED(#0596942); LG2525/CL/LEDG2(#0596945); BPCER20/927/4(L); CELEDRT4/927/2; CEBR30/927/4; CEBR40/927/2; CELEDRT56/850/927/2; CEBR40/927/2; BPA15C/CL/DM/500/LED; BPCEPAR30/930/LED/2(#1045430); 73992; 73983; BPOM60/830/LED; BPAGOM1600/LED; BPAGOM800/927/LED; BPAGOM450/LED/TAR; BPAGOM800/LED/TAR; BPAGOM1100/LED/TAR; BPAGOM1600/LED/TAR; BPOM75/830/LED; LT10/LED (#0424731); T48/41K/LED/2; CEOM60/927/6; CEOM40/927/3; BPAGOM800/LED/TV/2 (WESTPOINTE109299); and LG2560/CL/LEDG2 Bulbs, that incorporate the infringing LED devices.  These products infringe the Patents-in-suit, as described, for example, in Exhibits D-F.

- 12 -

# COUNT I

## (Infringement of U.S. Patent No. 8,530,250)

### (35 U.S. C. § 271(a))

36.     Nichia repeats and re-alleges each and every allegation of paragraphs 1-35 as if fully set forth herein.

37.     The '250 Patent is valid and enforceable.

38.     By its importation into the United States, and manufacture, sale and/or offer for sale in the United States, of lighting products that incorporate infringing LED devices, including but not limited to, for example, the BPOM60/830/LED Bulb and LG2560/CL/LEDG2 Bulb, Feit has been and is now infringing at least claims 17, 19, and 21 of the '250 Patent, in the State of California, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271(a).

39.     Feit's actions are without the consent of Nichia.

40.     Nichia has been and will continue to be damaged by Feit's infringement of the '250 Patent.

41.     Nichia and has been and will continue to be irreparably harmed unless Feit's infringement of the '250 Patent is enjoined.

# COUNT II

## (Infringement of U.S. Patent No. 8,530,250)

### (35 U.S.C. § 271(g))

42.     Nichia repeats and re-alleges each and every allegation of paragraphs 1-41 as if fully set forth herein.

43.     By its importation into the United States, and manufacture, sale and/or offer for sale in the United States, of lighting products that incorporate LED devices made by a process patented in the United States, including but not limited to, for example, the BPOM60/830/LED Bulb and LG2560/CL/LEDG2 Bulb, Feit has been and is now infringing at least claims 1, 2, 4, 7, 11, 12, 15, and 16 of the '250 Patent,

- 13 -

in the State of California, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271(g).

44. Feit's actions are without the consent of Nichia.

45. Nichia has been and will continue to be damaged by Feit's infringement of the '250 Patent.

46. Nichia and has been and will continue to be irreparably harmed unless Feit's infringement of the '250 Patent is enjoined.

**COUNT III**

**(Infringement of U.S. Patent No. 9,490,411)**

**(35 U.S.C. § 271(a))**

47. Nichia repeats and re-alleges each and every allegation of paragraphs 1-46 as if fully set forth herein.

48. The '411 Patent is valid and enforceable.

49. By its importation into the United States, and manufacture, use, sale and/or offer for sale in the United States, of lighting products that incorporate infringing LED devices, including but not limited to, for example, the Feit Electric 800 Lumen 3000K Dimmable LED, item number BPOM60/830/LED(V2) ; 4100K Tube, item number T96/841/LED; Dimmable Warm White LED Bulb, item number LA19DM/GU24/LEDG2(#599127); Dimmable Weatherproof Bulb, item number CEPAR38/930/LED/2(#1041429); and 40W Equivalent Soft White Smart LED Bulb, item number CFC/300/LED/HBR, Feit has been and is now infringing at least claims 1, 2, 4-8, 10, 12, 13, and 15-20 of the '411 Patent, in the State of California, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271(a).

50. Feit's actions are without the consent of Nichia.

51. Nichia has been and will continue to be damaged by Feit's infringement of the '411 Patent.

52. Nichia has been and will continue to be irreparably harmed unless Feit's infringement of the '411 Patent is enjoined.

- 14 -

## COUNT IV

### (Infringement of U.S. Patent No. 9,537,071)

### (35 U.S.C. § 271(a))

53.     Nichia repeats and re-alleges each and every allegation of paragraphs 1-52 as if fully set forth herein.

54.     The '071 Patent is valid and enforceable.

55.     By its importation into the United States, and manufacture, use, sale and/or offer for sale in the United States, of lighting products that incorporate infringing LED devices, including but not limited to, for example, the Feit Electric 800 Lumen 3000K Dimmable LED, item number BPOM60/830/LED(V2); LED Shop Light, item number 73992; 4100K Tube, item number T96/841/LED; Dimmable Warm White LED Bulb, item number LA19DM/GU24/LEDG2(#599127); Dimmable Weatherproof Bulb, item number CEPAR38/930/LED/2(#1041429); and 40W Equivalent Soft White Smart LED Bulb, item number CFC/300/LED/HBR, Feit has been and is now infringing at least claims 1, 2, 4-9, 11, 12, 14-19, 21-23, and 25 of the '071 Patent, in the State of California, in this judicial district, and elsewhere, in violation of 35 U.S.C. § 271(a).

56.     Feit's actions are without the consent of Nichia.

57.     Nichia has been and will continue to be damaged by Feit's infringement of the '071 Patent.

58.     Nichia has been and will continue to be irreparably harmed unless Feit's infringement of the '071 Patent is enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nichia Corporation prays that the Court enter judgment against Defendant Feit and in favor of Nichia, as follows:

A. Finding that the '250 Patent was duly and lawfully issued, and is valid and enforceable;

NICHIA CORP. COMPLAINT
CASE NO. 2:18-CV-1390

4844-6531-7470

B. Finding that Feit has infringed one or more of the claims of the '250 Patent;

C. Finding that the '411 Patent was duly and lawfully issued, and is valid and enforceable;

D. Finding that Feit has infringed one or more of the claims of the '411 Patent;

E. Finding that the '071 Patent was duly and lawfully issued, and is valid and enforceable;

F. Finding that Feit has infringed one or more of the claims of the '071 Patent;

G. Awarding damages to Nichia in accordance with 35 U.S.C. § 284, including pre-judgment and post-judgment interest, to compensate Nichia for Feit's infringement of the '250, '071, and '411 Patents;

H. Ordering preliminary and permanent injunctive relief restraining and enjoining Feit and its officers, agents, attorneys, employees, and those acting in privity or active concert with Feit, from infringement of the '250, '071, and '411 Patents for the full term thereof;

I. Finding Feit's infringement willful and awarding treble damages under 35 U.S.C. § 284;

J. Finding that this case is exceptional pursuant to 35 U.S.C. § 285;

K. Awarding Nichia its costs and attorneys' fees; and

L. Awarding Nichia such other and further relief as this Court deems just and proper.

Dated: February 20, 2018          SNELL & WILMER L.L.P
                                  William S. O'Hare
                                  Deborah S. Mallgrave

                                  ROTHWELL, FIGG, ERNST & MANBECK P.C.
                                  Robert P. Parker (*pro hac vice pending*)

- 16 -

Daniel R. Mccallum (*pro hac vice pending*)
Nechama Potasnick (*pro hac vice pending*)

By: */s/ William S. O'Hare*
    William S. O'Hare
    Deborah S. Mallgrave

Attorneys for Plaintiff Nichia Corporation

NICHIA CORP. COMPLAINT
CASE NO. 2:18-CV-1390

## **JURY DEMAND**

Nichia hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 20, 2018       SNELL & WILMER L.L.P
                                        William S. O'Hare
                                        Deborah S. Mallgrave

                                 ROTHWELL, FIGG, ERNST & MANBECK P.C.
                                       Robert P. Parker (*pro hac vice pending*)
                                       Daniel R. Mccallum (*pro hac vice pending*)
                                       Nechama Potasnick (*pro hac vice pending*)

                                    By: */s/ William S. O'Hare*
                                          William S. O'Hare
                                          Deborah S. Mallgrave

                                 Attorneys for Plaintiff Nichia Corporation

4844-6531-7470

Ex. A to Third Party Complaint Against Unity Microelectronics, Inc., Page 29